Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED

# UNITED STATES DISTRICT COURT

for the

2022 NOV 30 P 12: 44

Eastern District of Virginia

Alexandria Division

Maria A Spassova-Nikolova

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

-v-

United States Department of Agriculture

Case No.   1:22CV01361

RDA/LRV

Jury Trial:      ■ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.      **The Parties to This Complaint**

A.      **The Plaintiff**

| | |
|---|---|
| Name | Maria A Spassova-Nikolova |
| Street Address | 902 Holly Blossom Ct. |
| City and County | Great Falls |
| State and Zip Code | VA 22066 |
| Telephone Number | 571-536-0230 |
| E-mail Address | mariaspassova003@gmail.com |

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name

Food Safety and Inspection Services, US Department of Agriculture

Job or Title

Elayne Reiss, Branch Chief, OPARM

Julie McKeague, Branch Chief, OPARM

Tamar Khafi, Director, OPARM

Gari Jo Pazdzinski, Branch Chief USDA, FSIS,

OM, LERD,

Jeromy (Todd) Reed, COO, FSIS

Street Address City
and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

1400 Independence Ave. S.W.

Washington, District of Columbia 20250

(202) 720-7025

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | USDA Remote location |
| Street Address | 902 Holly Blossom Ct. |
| City and County | Great Falls |
| State and Zip Code | VA |
| Telephone Number | (571) 536-0230 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

■    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

■    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

■    Unequal terms and conditions of my employment.

     Retaliation.

     Other acts *(specify)*:    Suspension 10/17/22-11/04/22, Proposal of Removal , other actions (see below)

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

01/07/2022 - present

C.    I believe that defendant(s) *(check one)*:

■    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race _____

☐    color _____

☐    gender/sex _____

☐    religion _____

☐    national origin _____

■    age *(year of birth)*    54    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

The plaintiff was subjected to discrimination and harassment (nonsexual) based on age (Y.O.B: 1968) and reprisal (opposition to unlawful discrimination) when:

1. on November 30, 2022 management issued Proposal for Removal;

2. on October 17, management placed her on Suspension until November 4, 2022;

3. on October 19, 2022, management issued Unsatisfactory Performance Appraisal;

4. on August 17, 2022, management placed her on a Demonstration Opportunity;

5. on July 12, 2022, management issued her a Proposed Suspension for fourteen days for Conduct Unbecoming of a Federal Employee and Failure to Follow Instructions;

6. on June 10, 2022, management issued her a Letter of Instruction (LOI).

7. on January 7, 2022, management issued her Letter of Reprimand

All actions were taken without any objective reason, as discrimination and retaliation. The evidence for the Letter of Instruction, Demonstration Opportunity, and all other evidence for the plantiff disciplinary actions are fabricated and erroneous. This is discussed in detail in the plaintiff MSPB appeals, MSPB Docket No 1221-22-0496-W-1, MSPB Docket No 1221-23-0005-W-1, MSPB Docket No 1221-23-0094-W-1, MSPB Docket No 1221-23-0095-W-1 and will be provided.

For example, regarding the suspension:

1. The agency did not follow the suspension due process. The plaintiff was given Notice of 14- days proposed suspension on 7/12/2022 but the decision letter ordered 18 days of suspension – from 10/17/2022 until 11/4/2022.

2. The notice of proposed suspension was given to the plaintiff in retaliation for the plaintiff's protected activities. The plaintiff filed an IRA MSPB appeal on 6/26/2022. Therefore, the time/knowledge factors clearly indicate retaliation against the plaintiff for filing an IRA appeal. In addition, the suspension is retaliation for all the disclosures listed in the plaintiff's IRA MSPB files, Docket number DC-1221-22-0496-W-1.

3. The proposed suspension evidence files contain a testimony from the plaintiff's supervisor, Julie McKeague. In this testimony, Julie McKeague states that the plaintiff is a very advanced and experienced employee, and Julie would prefer to fire the plaintiff and hire a junior member, who would have less expertise compared to Julie Mckeague herself. Therefore, the suspension has an age discrimination element.

4. The increase of the suspension period from 14 to 18 days is retaliation for the plaintiff's EEO complaint, filed on 7/21/2022.

5. The suspension proposal fails to establish any misconduct of Dr. Spassova (the plaintiff),

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

to the contrary, reveals severe deficiencies in the ability of Mrs. McKeague to communicate clearly even the simplest tasks. Mrs. McKeague testimony is extensively erroneous, full of vicious and frivolous allegations, and written with reckless disregard of any moral and legal norms. Dr. Spassova acted with honor, dignity, and respect for everyone, and applied her exceptional skills and scientific knowledge in every way relevant to the agency mission and services.

6.          Plaintiff's response to the proposed suspension has been completely ignored and not even reviewed.

7.          Any reasoning that the plaintiff has provided to her supervisors and the agency's LERD and HR officials regarding adverse agency actions against her, has been either completely ignored or labeled as 'failure to follow instructions" and used as basis for more severe disciplinary actions.

8.          Julie McKeague, with the encouragement and approval of Tamar Khafi (the plaintiff's second level supervisor), persistently treats Dr. Spassova as an animal, yelling at her, interrupting her and not allowing her to speak.

9.          The plaintiff, Dr. Maria Spassova, is a renowned scientist with over 30 years of experience, has published about 30 original research articles in peer review journals, cited over 3250 times (according to Google Scholar, https://scholar.google.com/citations?hl=en&user=u5-nofAAAAAJ) by Nobel Prize Laureates and other scientists worldwide, and cited in over 77 textbooks. Dr. Spassova also holds several biotechnology patents. The plaintiff has advanced degrees in mathematics and physics and Ph.D. in Biophysics. The plaintiff served for 17 years as faculty member and Professor at the University of Pennsylvania Medical School, University of Maryland Medical School and Temple University, and persistently has been rated as top professor. Finally, the plaintiff has 12-years' experience in the federal government (DoD, DHS, EPA). At FSIS, the plaintiff is the winner of the 2021 FSIS Administrator's Award of Excellence in Modernization and Innovation and holds the ORIS Mentoring Team Award 2021. The plaintiff received the 2022 FSIS Administrator's Award of Excellence in Customer Service in 9/2022.

In addition , Tamar Khafi,  the plaintiff supervisor, was hired illegally in 2020, and since that time harassed and forced most of her subordinates to leave the agency. She hired much younger employees on their place. Employees that left the agency: Scott Seys, PhD, MPH, CPH, CCFS, age 47; Steve Tran,  age 56; Richa Ajmera, age 47; David Levin, age 48; Amyre Barker, MPH  age 39.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on July 21, 2022 and August 30, 2022. EEOC Acceptance Letter is attached.

B.    The Equal Employment Opportunity Commission *(check one)*:

      X       has not issued a Notice of Right to Sue letter.

      ☐       issued a Notice of Right to Sue letter, which I received on *(date)* _____.

      *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

      X       60 days or more have elapsed.

      ☐       less than 60 days have elapsed.

## V.    Relief

1.  Plaintiff seeks $695,000 compensation for missed employment opportunities. The plaintiff has been considered for SES and GS15 positions, and due to the baseless accusations by her managers Elayne Reiss, Tamar Khafi, and Julie McKeague and their discriminatory activities, she has not been hired for those positions.

2.  Plaintiff seeks all disciplinary letters and actions to be expunged from her record.

3.  Plaintiff seeks compensation for the time on suspension of $7,500.

4.  Plaintiff seeks 50 hours' sick leave to be added to her current leave balance, as this amount was used most recently for health problems caused by retaliatory and discriminatory harassment.

5.  Plaintiff seeks immediate transfer to a position outside of Tamar Khafi 's chain of supervision.

6.  Plaintiff seeks compensation for punitive damages of the amount of $495,000 for irreparable emotional and health damages, pain and suffering, reputation damages, loss of enjoyment of life.

7.  Plaintiff seeks the award of any and all reasonable attorneys' fees for having to bring this lawsuit.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    11/30/22

Signature of Plaintiff    _M. Spassova-Nikolov_

Printed Name of Plaintiff    _Maria Spassova-Nikolova_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

FILED

_Maria A. Spassova-Nikolova_
_____
Plaintiff(s),

2022 NOV 30  P 12: 45

v.

_United States Department of Agriculture_
_____
Defendant(s).

Civil Action Number: _1:22CV01361_
_RDA/LRV_

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** _Complaint_ .
(Title of Document)

_Maria A. Spassova_
_____
Name of _Pro Se_ Party (Print or Type)

_M. Spassova Nikolov_
_____
Signature of _Pro Se_ Party

Executed on: _11/30/22_ (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** _____ .
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _____ (Date)