IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIA A. SPASSOVA-NIKOLOVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-1361 (RDA/JFA) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss ("Motion") (Dkt. 9). Defendants have waived oral argument on the Motion, and this Court dispenses with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Complaint (Dkt. 1), the Motion, and the Memorandum in Support (Dkt. 10), together with Plaintiff's Response (Dkt. 13), Defendants' Memorandum in Further Support[1] (Dkt. 16), and Plaintiff's Sur-Reply (Dkt. 17), this Court GRANTS the Motion for the following reasons.

I. BACKGROUND

A. Factual Background

Plaintiff Maria A. Spassova-Nikolova, *pro se*, brings her claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 1 at 4. Plaintiff is a 54-year-old employee at the United States Department of Agriculture ("USDA"). Dkt. 1 at 4-5. Plaintiff worked as a GS-14 Senior Data Analyst within the Office of Planning, Analysis, and Risk

---

[1] Plaintiff's Memorandum in Further Support is identical to her Sur-Reply (Dkt. 17).

Management of the Food Safety and Inspection Service ("FSIS"). Dkt. 10 at 3. Plaintiff's first and second-line supervisors were Branch Chief Julie McKeague ("Ms. McKeague") and Director Tamar Khafi ("Ms. Khafi"), respectively. Dkt. 1 at 6-7.

Between January 2022 and November 2022, USDA management took a series of disciplinary actions against Plaintiff, which included the following: (1) on January 7, 2022, Plaintiff was issued a Letter of Reprimand; (2) on June 10, 2022, Plaintiff was issued a Letter of Instruction; (3) on July 12, 2022, Plaintiff was issued a Proposed Suspension for 14 days for conduct unbecoming of a federal employee and for failure to follow instructions; (4) on August 17, 2022, Plaintiff was placed on a Demonstration Opportunity[2]; (5) on October 17, 2022, Plaintiff was suspended until November 4, 2022; (6) on October 19, 2022, Plaintiff was issued an Unsatisfactory Performance Appraisal; and (7) on November 30, 2022, Plaintiff was issued a Proposal for Removal. *Id.* at 6. Plaintiff pleads that these disciplinary actions subjected her to discrimination, harassment, and retaliation. *Id.*

Plaintiff's Complaint contains more specific allegations regarding her suspension. *Id.* First, Plaintiff alleges that she was issued the Notice of Proposed Suspension in retaliation for filing a Merit Systems Protection Board appeal on June 26, 2022. *Id.* Second, Plaintiff alleges that she was suspended, at least in part, because of her age. *Id.* To support her age discrimination claim, Plaintiff points to Ms. McKeague's "testimony,[3]" which Plaintiff alleges indicates that Ms.

---

[2] Neither party provides an official definition for the term "Demonstration Opportunity," however, Defendants describe it as a formal opportunity for an employee to "prove the ability to perform at a satisfactory level." Dkt. 10 at 5.

[3] Plaintiff refers repeatedly to Ms. McKeague's "testimony," but the document that Plaintiff quotes is a memorandum written by Ms. McKeague as evidence for Plaintiff's proposed suspension. Dkt. 10-1 at 125-139. For consistency, the Court will also refer to those statements as "testimony."

2

McKeague stated a desire to fire Plaintiff and hire a more junior member. *Id.*; Dkt. 10-1 at 126 (Memorandum from Ms. McKeague to the Labor and Employee Relations Specialist regarding Plaintiff's behavior). Lastly, Plaintiff's suspension was increased from 14 days to 18 days, and Plaintiff alleges the suspension was increased in retaliation for Plaintiff filing an EEO complaint with her USDA EEO counselor on July 21, 2022. *Id.*

Based on these allegations, Plaintiff seeks relief under the ADEA. Plaintiff maintains that the disciplinary actions taken against her were taken "without any objective reason, as discrimination and retaliation," and that the evidence that the USDA used to support these actions was "fabricated and erroneous." *Id.*

## B. Procedural Background

Plaintiff filed a charge regarding the alleged discrimination with her Equal Employment Opportunity ("EEO") counselor on July 12, 2022[4] and with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2022. Dkt. 1 at 8. Additionally, Plaintiff submitted a notice of intent to sue to the EEOC on August 29, 2022.[5] Dkt. 1-1 at 9.

On November 30, 2023, Plaintiff initiated suit in this Court by filing a Complaint alleging age discrimination. Dkt. 1. Plaintiff's Complaint named as defendants the FSIS, the USDA, Elayne Reiss, Julie McKeague, Tamar Khafi, Gari Jo Pazdzinski, and Jeromy Reed. *Id.* Defendants moved to dismiss the Complaint on February 3, 2023. Dkt. 10. Plaintiff filed a

---

[4] Plaintiff's pleadings are inconsistent regarding her alleged "EEO" complaint that was filed on July 21, 2022. As Plaintiff has not attached this complaint, for the purposes of this motion, this Court assumes that Plaintiff is referring to her first contact with an EEO counselor at the USDA. Dkt. 1 at 6.

[5] Plaintiff attached neither the complaint filed with the EEOC nor the notice of intent to sue. Rather, Plaintiff provided two acknowledgment letters. The first letter acknowledges that the EEOC received Plaintiff's August 29 notice of intent to sue. *Id.* at 9-11. The second letter accepts Plaintiff's August 30 EEOC complaint of discrimination against the FSIS. *Id.* at 1-3.

Response to Defendants' Motion to Dismiss on March 1, 2023, Dkt. 13, to which Defendants submitted a Reply Memorandum on March 10, 2023.  Dkt. 16.  Plaintiff then filed a motion to amend her initial pleadings, which the Court will construe as a Sur-Reply, Dkt. 17, and a Second Response to the Motion to Dismiss, Dkt. 18, on March 15, 2023.

## II.  STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Although a court must accept the facts asserted as true, a court need not accept the "legal conclusions drawn from the facts" and the "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  "[L]abels and conclusions" alone are insufficient.  *Twombly*, 550 U.S. at 545.  "Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

In reviewing a Rule 12(b)(6) motion, a court must construe a *pro se* complaint liberally. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018).  However, a plaintiff's *pro se* status does not transform the court into an advocate.  *U.S. v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

III.  ANALYSIS

Defendants move to dismiss Plaintiff's Complaint for multiple procedural defects including failure to name proper defendants and improper use of the ADEA's exhaustion "bypass" procedure, as well as failure to state a claim for age discrimination and retaliation.  Dkt. 10 at 1-2.  Plaintiff argues in response that she named the proper defendants, that she properly exhausted her administrative remedies, and that she showed clear and convincing evidence of age discrimination and retaliation.  Dkt. 13.

The Court now turns to Defendants' arguments regarding the naming of improper defendants.[6]  Plaintiff has sued (1) USDA itself (FSIS specifically); (2) Elayne Reiss, USDA Branch Chief; (3) Julie McKeague, USDA Branch Chief; (4) Tamar Khafi, OPARM Direcroe; (5) Gari Jo Pazdzinski, USDA Branch Chief;  and (6) Jeremy (Todd) Reed, FSIS COO.  Defendants move to dismiss the claims against all Defendants because none of the five individuals or entities named in the Complaint are a proper party defendant to a federal sector ADEA claim.  Dkt. 10 at 12.  Plaintiff, on the other hand, argues that the entities and individuals that she listed can and should be held liable for her claims.  Dkt. 13 at 5.

The ADEA does not particularly specify who the proper party defendant is in an age discrimination case.  *Stoyanov v. Mabus*, 126 F.Supp.3d 531, 540 (D. Md. 2015), *aff'd*, 678 F. App'x 161 (4th Cir. 2017).  Title VII, however, does contain provisions specifying who to name as the proper party defendant.  42 U.S.C. § 2000e-16(c).  Title VII explicitly states that the "head of the department, agency, or unit" is the only proper defendant for claims brought by federal employees under Title VII.  *Id.*  Given the statutes' similar purposes and analogous statutory

---

[6] Because the Court dismisses the Complaint for naming improper defendants, it need not address Defendants' remaining arguments at this stage.

5

schemes, courts have interpreted provisions of the ADEA to be consistent with parallel provisions of Title VII. *See, e.g.*, *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (holding Title VII and ADEA filing provisions are "virtually *in haec verba*"). Accordingly, despite the ADEA's lack of explicit statutory language regarding the proper defendant, courts have held that the ADEA implicitly contains the same requirement as Title VII. *Stoyanov*, 126 F.Supp.3d at 540. Thus, "the only proper defendant to a federal-sector age discrimination claim under the ADEA is the head of the agency or department." *Id.* (citing *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 836 (7th Cir. 1986)); *see also Williams v. Va. Nat. Guard Bureau*, 914 F.2d 250 (4th Cir. 1990) (same). Accordingly, the only proper defendant in this case is Thomas J. Vilsack, the Secretary of Agriculture, and this Court will dismiss any claims against the FSIS, the USDA, and the individual federal employees.

Despite the well-settled caselaw holding that the head of the agency is the only proper defendant to an ADEA claim, Plaintiff urges this Court to adopt a different interpretation of the ADEA. Dkt. 13 at 5. Plaintiff maintains that federal employees can be sued in their personal capacities under the ADEA and cites *Tanzin v. Tanvir*, 141 S.Ct. 486 (2020) to support her argument. Dkt. 13 at 5. This Court is unpersuaded.

In *Tanzin*, practicing Muslims sued several federal employees in their individual capacities for, *inter alia*, money damages under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.* *Tanzin*, 141 S.Ct. at 489. The Supreme Court held that federal employees can be sued in their individual capacities under RFRA because Congress included specific language authorizing such suits. *Id.* at 490. Critical to the *Tanzin* Court's holding was the definition of "government" as it was used to authorize a private cause of action under the statute. *Id.* Congress chose to use a unique definition of "government," which included "a branch, department, agency, instrumentality, and *official* (*or other person acting under color of law*) of

6

the United States." *Id.* (emphasis in the original) (quoting § 2000bb-2(1)).  The ADEA contains no similar language.

Plaintiff concludes that if federal employees can be sued in their personal capacities under RFRA, they must also face exposure under the ADEA.  Dkt. 13 at 5.  Not so.  Sections of the ADEA can be traced to similar sections of Title VII.  *Ellis,* 784 F.2d at 838 (citing *Oscar Mayer & Co.*, 441 U.S. at 755-56).  The same cannot be said about sections of RFRA.  Plaintiff's argument that *Tanzin* is a more recent interpretation of another federal statute by a higher court does not, alone, make it relevant.  This Court finds no compelling reason to adopt Plaintiff's interpretation of the ADEA; particularly when, as is here, authority on the issue is clear.  *See e.g., Williams*, 914 F.2d at *1 (holding the head of the department or agency is the only proper defendant in an ADEA action alleging discrimination).

Notably, Plaintiff has never sought to amend her Complaint to add the proper defendant— even after Defendants correctly argued that Plaintiff had failed to name the proper party.  Dkt. 10 at 12.  Rather, Plaintiff twice argued—in her First and Second Responses—that she had indeed named the proper defendant and that the individual federal employees were liable under the ADEA.  Dkt. Nos. 13 at 5; 17 at 2.  Plaintiff's arguments may indicate that she was not, in fact, mistaken about who the proper defendant was, but rather deliberately chose to sue the entities and individual employees in their personal capacities.  In any event, because Plaintiff has failed to name the only proper defendant, this Court will dismiss Plaintiff's Complaint.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Dkt. 9) is GRANTED; and it is

FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE on all counts; and it is

FURTHER ORDERED that, if Plaintiff seeks to amend the Complaint (Dkt. 1) with respect to any of the dismissed claims, Plaintiff must file a Motion to Amend, with an attached proposed Amended Complaint providing a chronological, plain statement of the facts in compliance with Federal Rules of Civil Procedure 8 and 9, within twenty-one (21) days of the entry of this Memorandum Opinion and Order.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

It Is SO ORDERED.

Alexandria, VA
September 15, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge