IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIA A. SPASSOVA-NIKOLOVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-1361 (RDA/JFA) |
| ) | |
| BROOKE L. ROLLINS, in her capacity as ) | |
| Secretary of Agriculture,[1] ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss ("Motion") (Dkt. 27). Defendant has waived oral argument on the Motion, and this Court dispenses with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Amended Complaint (Dkt. 26), the Motion, and the Memorandum in Support (Dkt. 28), together with Plaintiff's Response (Dkt. 31), Defendants' Reply (Dkt. 35), Plaintiff's Sur-Reply (Dkt. 37), Defendants' Notice (Dkt. 41), and Plaintiff's Notices (Dkts. 42, 43) this Court GRANTS the Motion for the following reasons.

---

[1] At the time that the Amended Complaint was filed, Plaintiff named the then-current Secretary of Agriculture, Thomas J. Vilsack. Since that time, however, there has been a change of administration, and a new Secretary has been confirmed by the United States Senate .

# I. BACKGROUND

## A. Factual Background[2]

Plaintiff Maria A. Spassova-Nikolova, *pro se*, brings her claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 26 at 3. Plaintiff is a 54-year-old employee at the United States Department of Agriculture ("USDA"). *Id.* at 4.

Between January 2022 and November 2022, USDA management took a series of disciplinary actions against Plaintiff, which included the following: (1) on January 7, 2022, Plaintiff was issued a Letter of Reprimand; (2) on June 10, 2022, Plaintiff was issued a Letter of Instruction; (3) on July 12, 2022, Plaintiff was issued a Proposed Suspension for 14 days for conduct unbecoming of a federal employee and for failure to follow instructions; (4) on August 17, 2022, Plaintiff was placed on a Demonstration Opportunity[3]; (5) on October 17, 2022, Plaintiff was suspended until November 4, 2022; (6) on October 19, 2022, Plaintiff was issued an Unsatisfactory Performance Appraisal; and (7) on November 30, 2022, Plaintiff was issued a Proposal for Removal. *Id.* at 6.[4] Plaintiff pleads that these disciplinary actions "were taken without any objective reason, as discrimination and retaliation." *Id.*

Plaintiff then alleges additional information regarding these alleged disciplinary actions. First, Plaintiff alleges that she was issued the Notice of Proposed Suspension in retaliation for

---

[2] For purposes of considering the instant Motions to Dismiss, the Court accepts all facts contained within Plaintiff's Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] Neither party provides an official definition for the term "Demonstration Opportunity," however, Defendants describe it as a formal opportunity for an employee to "prove the ability to perform at a satisfactory level." Dkt. 28 at 6.

[4] In her Amended Complaint, Plaintiff lists these actions in reverse chronological order. Dkt. 26 at 5.

2

filing a Merit Systems Protection Board ("MSPB") appeal on June 26, 2022. *Id.* Second, Plaintiff alleges that she was suspended, at least in part, because of her age. *Id.* To support her age discrimination claim, Plaintiff points to Ms. McKeague's "testimony,"[5] which Plaintiff alleges indicates that Ms. McKeague stated a desire to fire Plaintiff and hire a more junior member. *Id.*; Dkt. 28-1 at 125 (Exhibit I) (Memorandum from Ms. McKeague to the Labor and Employee Relations Specialist regarding Plaintiff's behavior). Lastly, Plaintiff maintains that her suspension was increased from 14 days to 18 days, and Plaintiff alleges that the suspension was increased in retaliation for Plaintiff filing an EEO complaint on July 21, 2022. Dkt. 26 at 6.

Plaintiff complains that Ms. McKeague, in conjunction with Plaintiff's second-line supervisor (Tamar Khafi), "persistently treat[ed] Dr. Spassova as an animal, yelling at her, interrupting her[,] and not allowing her to speak." *Id.* Plaintiff further alleges that Ms. Khafi "forced most of her subordinates to leave the agency" and that she has "hired much younger employees in their place." *Id.* Plaintiff notes that the following employees have left the agency: Scott Seys, age 47; Steve Tran, age 56; Richa Ajmera, age 47; David Levin, age 48; and Amyre Barker, age 39. *Id.*

Based on these allegations, Plaintiff seeks relief under the ADEA. Plaintiff maintains that the disciplinary actions taken against her were taken "without any objective reason, as discrimination and retaliation," and that the evidence that the USDA used to support these actions was "fabricated and erroneous." *Id.*

---

[5] Plaintiff refers repeatedly to Ms. McKeague's "testimony," but the document that Plaintiff quotes is a memorandum written by Ms. McKeague as evidence for Plaintiff's proposed suspension. Dkt. 28-1 at 125-139 (Exhibit I). For consistency, the Court will also refer to those statements as "testimony." Because Plaintiff has incorporated this "testimony" into her Amended Complaint, the Court can review it without converting the motion into one for summary judgment. *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

B. Procedural Background

Plaintiff filed a charge regarding the alleged discrimination with her Equal Employment Opportunity ("EEO") counselor on July 12, 2022[6] and with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2022. Dkt. 26 at 7.

On November 30, 2023, Plaintiff initiated suit in this Court by filing a Complaint alleging age discrimination. Dkt. 1. Plaintiff's original Complaint named as defendants the FSIS, the USDA, Elayne Reiss, Julie McKeague, Tamar Khafi, Gari Jo Pazdzinski, and Jeromy Reed. *Id.* Defendants moved to dismiss the Complaint on February 3, 2023. Dkt. 10. On September 15, 2023, this Court issued a Memorandum Opinion and Order granting the motion to dismiss. Dkt. 21. In the Memorandum Opinion and Order, the Court found that the only proper defendant was the Secretary of Agriculture, who was not named, and dismissed the Complaint on that basis. *Id.* at 6.

On October 10, 2023, Plaintiff moved to amend her complaint. Dkt. 22. That Motion was granted on June 10, 2024. Dkt. 25. That same day, Plaintiff's Amended Complaint was docketed. Dkt. 26. On July 1, 2024, Defendant moved to dismiss the Amended Complaint. Dkt. 27. On July 22, 2024, Plaintiff opposed. Dkt. 31. On July 31, 2024, Defendant filed a Reply. Dkt. 35. Thereafter, Plaintiff moved to file a Sur-Reply and did file her Sur-Reply. Dkts. 36, 37. On October 22, 2024, Defendant filed a Notice regarding the decision by the MSPB Administrative Judge's decision regarding Plaintiff's complaints, premised on whistleblower retaliation. Dkt. 41. In that decision, the Administrative Judge rejected Plaintiff's claims. *Id.* On November 26, 2024,

---

[6] Plaintiff's pleadings are inconsistent regarding her alleged "EEO" complaint that was filed on July 21, 2022. As Plaintiff has not attached this complaint, for the purposes of this motion, this Court assumes that Plaintiff is referring to her first contact with an EEO counselor at the USDA. Dkt. 1 at 6.

4

Plaintiff filed her own Notice. Dkt. 42. In her Notice, Plaintiff asserts that "the AJ affirmed that the Plaintiff's managers . . . <u>retaliated</u> against the Plaintiff for her protected activities related to discrimination laws and whistleblower retaliation laws." *Id.* (emphasis in original). Plaintiff then filed an "Amendment to Notice Regarding Defendant's Motion" in which she asserts that she has sought review of the initial decision and asserts "that the MSPB AJ's decision must be overturned." Dkt. 43.[7]

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a court must accept the facts asserted as true, a court need not accept the "legal conclusions drawn from the facts" and the "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "[L]abels and conclusions" alone are insufficient. *Twombly*, 550 U.S. at 545. "Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613,

---

[7] For the sake of clarity, the MPSB Administrative Judge's decision, which Defendant attaches, provides that: "Though her supervisors and HR officials had motive to retaliate against the appellant for her protected activities, I find overwhelming evidence establishing the appellant's misconduct and the agency's justifiable determination that disciplinary action was necessary." Dkt. 41 at 56.

618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

In reviewing a Rule 12(b)(6) motion, a court must construe a *pro se* complaint liberally. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). However, a plaintiff's *pro se* status does not transform the court into an advocate. *U.S. v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### III. ANALYSIS

Although Defendant raises a number of procedural deficiencies that would apply to portions of the claims and relief sought in the Amended Complaint, the Court will focus on Defendant's arguments that Plaintiff's ADEA claims must be dismissed for failure to state a claim. Because the Court finds that Plaintiff has failed to plausibly state any claim under the ADEA, the Court will grant the Motion and need not address the remaining arguments made by Defendant.[8]

#### A.   Discrete Acts of Age Discrimination

As the Fourth Circuit has instructed, the elements of an ADEA action are: (i) the plaintiff is over the age of 40; and (ii) experienced discrimination by an employer; (iii) because of her age. *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020). Here, Plaintiff alleges that the seven potential adverse events in her Amended Complaint constitute acts of discrimination. Dkt. 6. But Plaintiff's allegations are "too conclusory and factually unadorned to give rise to a reasonable inference that [her] challenged employment decisions were made because of [her] age." *Tickles*, 805 F. App'x at 208. Indeed, Plaintiff's Amended Complaint does little more than allege that these

---

[8] In her Opposition, Plaintiff addresses matters that are not properly before this Court; namely matters that are being handled by the MPSB. Dkt. 31. Moreover, Plaintiff addresses new claims and alleged evidence that she purports to have. *Id.* It is, however, axiomatic that a Plaintiff may not amend her complaint in an opposition brief to a motion to dismiss. *Mylan Labs, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). Accordingly, the Court will not address matters that are not properly before it.

disciplinary decisions happened. In each instance, Plaintiff asserts that "management issued" certain discipline or "management placed" her on certain status, but, in her allegations, Plaintiff fails to identify the decision-maker. Dkt. 26 at 6. Even assuming that Ms. McKeague was the decision-maker, Plaintiff makes only a conclusory allegation that Ms. McKeague would prefer a "junior" employee. *Id.* To begin with, this is not what the document to which Plaintiff refers actually says. Dkt. 28-1 at 126, 139 (Exhibit I) (asserting that Plaintiff requires more supervision than persons associated with her grade level). More importantly, Plaintiff has not alleged any facts that justify the inference that "junior-level" is synonymous for younger. *See, e.g., Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010) (holding that reference to "more junior level" was not "even age-related"); *Cf. Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) ("Yet an employee's age is analytically distinct from his years of service" such that "an employer can take account of one while ignoring the other . . . ."). Thus, Plaintiff fails to state a claim premised on each of the seven alleged discrete acts of discrimination because she fails to allege any facts from which this Court could infer that those actions were "because of" Plaintiff's age.

B. Hostile Work Environment

Although not a category specifically identified in Plaintiff's Amended Complaint, Plaintiff does make certain vague allegations regarding age-based and retaliatory harassment. Dkt. 26 at 7 (referring to "retaliatory and discriminatory harassment"). Because Defendant addressed Plaintiff's alleged hostile work environment, the Court will as well.

Courts analyze an ADEA hostile work environment and retaliatory hostile work environment claims under the familiar Title VII hostile work environment framework. *See, e.g., Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998); *Powell v. Nash Edgecombe Econ. Dev., Inc.*, 2021 WL

1736894, at *4 (E.D.N.C. May 3, 2021). Thus, to state a claim for a hostile work environment, a plaintiff must allege facts that plausibly demonstrate that: (i) she experienced conduct that was unwelcome; (ii) because of her age; (iii) was sufficiently severe or pervasive to alter the terms and conditions of her employment; and (iv) were imputable to her employer. *Cosby v. S.C. Probation, Parole, & Pardon Serv.*, 93 F.4th 707, 716 (4th Cir. 2024). Likewise, to state a retaliatory hostile work environment claim a plaintiff must allege "that the retaliatory conduct (1) was unwelcome, (2) was sufficiently severe or pervasive that it would dissuade a reasonable worker form making or supporting a charge of discrimination, and (3) can be attributed to an employer." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218 (4th Cir. 2022). Overall, a plaintiff must plausibly plead that "the workplace is permeated with discriminatory [or retaliatory] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks omitted).

Here, Plaintiff's allegations fail both because (i) she has failed to allege that any actions were due to her age or because of a protected activity and (ii) she has failed to allege facts that satisfy the "severe or pervasive" element. As discussed *supra*, there are no non-conclusory allegations in the Amended Complaint that allege that *any* action was taken because of Plaintiff's age. Additionally, as discussed *infra*, Plaintiff has identified no ADEA-related protected activity for which Defendant could retaliate against Plaintiff; thus, this Court cannot determine that any of the conduct alleged is retaliatory. Moreover, Plaintiff has failed to allege facts demonstrating a "severe or pervasive" hostile environment. Plaintiff may not premise her hostile work environment claims on the disciplinary actions that she faced. *See, e.g., Hemphill v. ARAMARK Corp.*, 2014 WL 1248296, at *14 (D. Md. Mar. 25), *aff'd*, 582 F. App'x. 151 (4th Cir. 2014) ("The

incidents at issue here amount to nothing more than a series of ordinary personnel decisions."); *see also Brady v. Bd. of Educ.*, 222 F. Supp. 3d 459, 473 (D. Md. 2016), *aff'd*, 707 Fed. Appx. 780 (4th Cir. 2018) (holding that "ordinary personnel decisions," are "outside the scope of the type of severe and pervasive conduct that the Fourth Circuit has said would alter a person's conditions of employment"); *Graham v. Prince George's County*, 191 F. App'x 202, 204-05 (4th Cir. 2006) (rejecting hostile work environment claim based upon supervisor's "reprimands . . . regarding performance"). To the extent that Plaintiff premises her hostile work environment claim on the alleged yelling by Ms. McKeague, Plaintiff's allegations are entirely conclusory. Dkt. 26 at 6 ¶ 8. Plaintiff alleges no facts about the frequency of the alleged yelling nor the content of the statements. As the Fourth Circuit has repeatedly instructed, plaintiffs must "clear a high bar" in order to satisfy this test, holding that complaints premised on "rude treatment" or "callous behavior" are not actionable. *E.E.O.C. v. Sunbelt Rentals. Inc.*, 521 F.3d 306, 316 (4th Cir. 2008). Accordingly, Plaintiff has failed to state either an age-based or retaliatory hostile work environment claim.

## C. Retaliation

To state a retaliation claim under Title VII, Plaintiff must sufficiently allege "(1) that [she] engaged in protected activity, (2) that the employer took a materially adverse action against [her] and (3) there is a causal connection between the protected activity and the adverse action." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019) (internal citations omitted). To establish causation, Plaintiff must allege facts sufficient to reasonably infer that her protected activity was the "but-for" cause of her supervisors' alleged adverse actions. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) ("The text, structure, and history of Title VII demonstrate that

9

a plaintiff making a retaliation claim under [Section] 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

Here, Plaintiff's claim fails at the outset because she has not identified an ADEA protected activity. Indeed, Plaintiff specifically alleges that her "notice of proposed suspension was given" in retaliation "for filing an IRA appeal" with the MSPB in June 2022, and for "the disclosures" that plaintiff made in that IRA appeal. Dkt. 26 at 6. Plaintiff has not alleged that the MSPB appeal involved alleged violations of the ADEA. Nor could she.[9] As the Fourth Circuit has consistently held, to have a claim for ADEA retaliation, a plaintiff must have engaged in ADEA protected activity. *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 153 (4th Cir. 2020). This is so because the anti-retaliation provisions of the various civil rights statutes "do not cross-pollinate." *Id.* Accordingly, to state an ADEA retaliation claim, Plaintiff must allege an ADEA protected activity. Because Plaintiff has failed to do so here, Plaintiff fails to state a plausible ADEA retaliation claim. Moreover, because Plaintiff has failed to identify a protected activity, the Court cannot conclude that any action by Defendant was "because of" that protected activity. Accordingly, this claim must also be dismissed.

## IV. CONCLUSION

In sum, Plaintiff has failed to state any ADEA related claim. Although Defendant correctly notes the dearth of non-conclusory allegations of age-related bias, the Court will provide Plaintiff

---

[9] The MSPB appeal was related to whistleblower activity and *not* ADEA related complaints. Dkt. 28-1 at 77 (Exhibit F). Given the absence of any affirmative allegation that the MPSB proceedings involved allegations of ADEA violations, the Court need not rely on the underlying documents to dispose of the claims at issue here. Nonetheless, the Court may permissibly consider the MSPB appeal documents because they are integral to Plaintiff's Amended Complaint. *See E.I. du Pont de Nemours & Co. v. Kolon Ins., Inc.*, 637 F.3d 435, 448 (4th Cir.2011) (noting that a court may consider documents attached to the complaint in deciding a motion to dismiss without converting it into a motion for summary judgment where the documents are integral to, and explicitly relied on in, the complaint and there is no authenticity challenge).

with one last opportunity to amend her complaint in deference to Plaintiff's *pro se* status and the fact that Plaintiff did not previously have the benefit of the Court's analysis.

Accordingly, Defendants' Motion to Dismiss (Dkt. 27) is GRANTED; and it is

FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE on all counts; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file any amended complaint on or before Friday, March 28, 2025. Plaintiff is hereby WARNED that, if she fails to file an amended compliant by that deadline, her case may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

It Is SO ORDERED.

Alexandria, VA
March 12, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge