IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIA A. SPASSOVA-NIKOLOVA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) Civil Action No. 1:22-cv-1361 (RDA/JFA) |
| | ) |
| BROOKE L. ROLLINS, in her capacity as | ) |
| Secretary of Agriculture, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss ("Motion") (Dkt. 55). Defendant has waived oral argument on the Motion (Dkt. 57), and this Court dispenses with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Second Amended Complaint (Dkt. 51), the Motion, and the Memorandum in Support (Dkt. 56), together with Plaintiff's Response (Dkt. 59), Defendants' Reply (Dkt. 62), Plaintiff's Sur-Reply (Dkt. 65), this Court GRANTS the Motion for the following reasons.

### I. BACKGROUND

#### A. Factual Background[1]

Plaintiff Maria A. Spassova-Nikolova, *pro se*, brings her claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 51 at 3. Plaintiff is a 56-year-old employee at the United States Department of Agriculture ("USDA"). *Id.* at 4.

---

[1] For purposes of considering the instant Motions to Dismiss, the Court accepts all facts contained within Plaintiff's Second Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff makes several allegations that ADEA protected staff were "forced to leave" the USDA between 2021 and 2022. Dkt. 51 at 8. Although Plaintiff lists the names and ages of the staff that were allegedly forced to leave, Plaintiff fails to indicate their positions or explain how they were forced to leave. Plaintiff generally alleges that these employees were "harassed." *Id.* Plaintiff then alleges that USDA "hired at least 15 younger, inexperienced employees to replace the above-listed 8 employees." *Id.* at 9. Plaintiff argues that "it is a clear statistical fact that 54 year old[s] and older were specifically excluded from the hiring pool." *Id.*

Plaintiff further asserts that she and her ADEA-protected colleagues were "highly qualified for their positions, with decades of experience and fully successful yearly evaluations for all the years before 2022." *Id.* at 11. Plaintiff does not identify her colleagues' positions, nor does not allege factual support for the basis of her knowledge of her colleagues' yearly evaluations. Plaintiff asserts that she received exceptional evaluations before leaving her position for another agency. *Id.*

Plaintiff then makes reference to certain whistleblower proceedings that were taking place before the Merit Systems Protection Board ("MSPB"). *Id.* at 8 (referring to "whistleblower case before the MSPB"); *id.* at 12 (referring to the "MSPB judge ruled that the HR deciding officials were persuaded, misinformed, and manipulated"). Plaintiff incorporates by reference the MSPB determination regarding her whistleblower complaint, by both referring to the "MSPB judge" decision and by specifically referencing docket entry 41, in which Defendant attached the MSPB decision. *See id.* at 12; *see also* Dkt. 41.[2] Plaintiff also incorporates by reference many if not all of the documents filed before the MSPB. Dkt. 51 at 8 (referring to and incorporating PEX 1-37). In that decision, the

---

[2] The Court may consider documents like the MSPB decision which are incorporated into the Second Amended Complaint by reference. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016) (recognizing that courts may "consider documents that are explicitly incorporated into the complaint by reference" as well as documents "that [were] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity").

2

MSPB administrate law judge determined that: (i) the "agency proved its charge of Conduct Unbecoming a Federal Employee"; (ii) the "agency has proven its charge of Failure to Follow Instructions"; (iii) the penalty imposed was "within the bounds of reasonableness"; and (iv) Plaintiff had failed to establish whistleblower reprisal. Dkt. 41 at 44, 47-48, 50. Accordingly, the MSPB denied the request for corrective action. *Id.* at 70.

Plaintiff alleges that she was subject to adverse employment actions, when: (1) on January 7, 2022, Plaintiff was issued a Letter of Reprimand; (2) on June 10, 2022, Plaintiff was issued a Letter of Instruction; (3) on July 12, 2022, Plaintiff was issued a Proposed Suspension for 14 days for conduct unbecoming of a federal employee and for failure to follow instructions; (4) on August 17, 2022, Plaintiff was placed on a Demonstration Opportunity; (5) on October 17, 2022, Plaintiff was suspended until November 4, 2022; (6) on October 19, 2022, Plaintiff was issued an Unsatisfactory Performance Appraisal; and (7) on November 30, 2022, Plaintiff was issued a Proposal for Removal. Dkt. 51 at 12. Plaintiff pleads that these "adverse actions [were] taken in discrimination and in retaliation for protected activities." *Id.* She further alleges that these actions were "taken without any lawful justification." *Id.*

Plaintiff alleges that she first made a complaint about age discrimination on June 14, 2022 in her response to the Letter of Instruction and that it was sent to all managers. *Id.* at 13. Namely, Plaintiff asserts that she complained that a supervisor is "provoking" new employees to "make fun of older colleagues (borderline age discrimination)." *Id.* She thus asserts that "all the subsequent adverse actions against plaintiff can also be considered retaliation under the ADEA." *Id.* Plaintiff further asserts that she made a report to the USDA Equal Employment Office on July 22, 2022 and that it began investigating by August 3, 2022. *Id.*

Plaintiff further alleges that the USDA did not follow due process with respect to her suspension. *Id.* at 16. She asserts that she received notice of a 14-day suspension but then received an 18-day suspension. *Id.* She further alleges that the suspension was in retaliation for her MSPB appeal.

3

*Id.* ("In addition, the suspension constitutes retaliation for all disclosures listed in the plaintiff's IRA MSPB files").

## B. Procedural Background

Plaintiff filed a charge regarding the alleged discrimination with her Equal Employment Opportunity ("EEO") counselor on July 22, 2022 and with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2022.

On November 30, 2023, Plaintiff initiated suit in this Court by filing a Complaint alleging age discrimination. Dkt. 1. Plaintiff's original Complaint named as defendants the FSIS, the USDA, Elayne Reiss, Julie McKeague, Tamar Khafi, Gari Jo Pazdzinski, and Jeromy Reed. *Id.* Defendants moved to dismiss the Complaint on February 3, 2023. Dkt. 10. On September 15, 2023, this Court issued a Memorandum Opinion and Order granting the motion to dismiss. Dkt. 21. In the Memorandum Opinion and Order, the Court found that the only proper defendant was the Secretary of Agriculture, who was not named, and dismissed the Complaint on that basis. *Id.* at 6.

On October 10, 2023, Plaintiff moved to amend her complaint. Dkt. 22. That Motion was granted on June 10, 2024. Dkt. 25. That same day, Plaintiff's Amended Complaint was docketed. Dkt. 26. On July 1, 2024, Defendant moved to dismiss the Amended Complaint. Dkt. 27. On October 22, 2024, Defendant filed a Notice regarding the decision by the MSPB Administrative Law Judge's decision regarding Plaintiff's complaints, premised on whistleblower retaliation. Dkt. 41. On March 12, 2025, the Court issued a new Memorandum Opinion and Order dismissing Plaintiff's Amended Complaint and providing one final opportunity for Plaintiff to amend. Dkt. 44.

On March 28, 2025, Plaintiff filed her Second Amended Complaint. Dkt. 51. On May 19, 2025, Defendant filed her Motion to Dismiss. Dkt. 55. On June 9, 2025, Plaintiff filed her Opposition. Dkt. 59. On June 20, 2025, Defendant filed her Reply. On July 9, 2025, after receiving permission to do so, Plaintiff filed a Sur-Reply. Dkt. 65.

4

## II.  STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Although a court must accept the facts asserted as true, a court need not accept the "legal conclusions drawn from the facts" and the "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  "[L]abels and conclusions" alone are insufficient. *Twombly*, 550 U.S. at 545.  "Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

In reviewing a Rule 12(b)(6) motion, a court must construe a *pro se* complaint liberally. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018).  However, a plaintiff's *pro se* status does not transform the court into an advocate. *U.S. v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## III.  ANALYSIS

Defendant makes a number of arguments.  Defendant argues that Plaintiff has failed to exhaust certain of her claims and alleges that Plaintiff has failed to state a claim for either age discrimination or retaliation.  The Court will take each argument in turn.

### A.  Exhaustion

Defendant first challenges whether Plaintiff has exhausted all of her claims.  A federal employee seeking to bring a claim under the ADEA may, like other private employees, proceed upon

a written notice to the EEOC of her intent to seek relief under the ADEA. *See* 29 U.S.C. § 633a(d). To utilize this pathway, an employee must transmit a written notice to the EEOC within 180 days of the alleged discriminatory act that is the subject of their claim. *Id.*; *see also* 29 C.F.R. § 1614.201(a). As Plaintiff has alleged here, Plaintiff transmitted her notice to the EEOC on July 21, 2022 and/or August 30, 2022. Dkt. 51 at 18. Assuming that Plaintiff can establish the earlier of those two dates, she may only reach back as far as January 21, 2022. Thus, Plaintiff cannot premise a claim on her Letter of Reprimand on January 7, 2022.³ Accordingly, the Motion will be granted in this regard.⁴

### B. Discrete Acts of Age Discrimination

As the Fourth Circuit has instructed, the elements of an ADEA action are: (i) the plaintiff is over the age of 40; and (ii) experienced discrimination by an employer; (iii) because of her age. *Tickles*

---

³ Although Plaintiff now seeks to change the date on which she first attempted to transmit her notice to the EEOC, the allegations in the Second Amended Complaint govern here. *See Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (recognizing that it is well-settled that "a complaint may not be amended by the briefs in opposition to a motion to dismiss").

To the extent that Plaintiff alleges that the 180-day lookback period should have been tolled, the allegations supporting such arguments are not included in the Second Amended Complaint. And, in any event, all of the emails that Plaintiff cites to support her claim that she was misled, occurred on July 25 and 26, 2022 – *after* the date that the Court used for the 180-day lookback period – which would not save any claim based on the Letter of Reprimand. Further, with respect to Plaintiff's claims regarding her mental health, Plaintiff does not allege that her mental health precluded her from initiating EEOC proceedings during the entire 180-day period nor does Plaintiff allege that her mental health precluded her from being able to diligently pursue her rights. Indeed, all that Plaintiff asserts in this regard is that she was "severely sick." Dkt. 59 at 13. The cases that Plaintiff cites are inapposite. *See, e.g., Johnson v. Runyon*, 47 F.3d 911, 921 (7th Cir. 1995) (applying equitable tolling where the defendant had all of the essential facts "that would support her discrimination claim"); *Casad v. U.S. Dept. of Health & Human Servs.*, 301 F.3d 1247 (10th Cir. 2002 (FOIA case).

⁴ To the extent that Defendant argues that Plaintiff has not exhausted because Defendant does not believe that Plaintiff listed all of the conduct of which she now complains in her notice to the EEOC, Defendant has not demonstrated that Plaintiff's claims were not exhausted. Neither party has pointed to the notice to the EEOC and absent such information, the Court cannot determine that Plaintiff has not adequately exhausted where she has otherwise produced a notice of her right to sue from the EEOC.

*v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020). Here, Plaintiff's allegations are "too conclusory and factually unadorned to give rise to a reasonable inference that [her] challenged employment decisions were made because of [her] age." *Tickles*, 805 F. App'x at 208. Plaintiff's allegations are summarily that she was harassed, that "Tamara, Nathan and Paul have condescending attitude[s] toward older colleagues, laughing [at] their different (calmer, more thoughtful and more orderly manners," and that "Tamar is spreading this culture to new colleagues she hired, provoking them to make fun of older colleagues." Dkt. 51 at 13. But such vague and conclusory allegations do not plausibly allege age discrimination or establish that any decision-maker acted based on age-related bias.

Plaintiff's claims that her older colleagues were replaced by younger individuals fairs no better[5] in establishing an age-discrimination claim as to her. *See Bostron v. Apfel*, 104 F. Supp. 2d 548, 554-55 (D. Md. 2000) *aff'd* 2 F. App'x 235 (4th Cir. 2001) (holding that statistical evidence, interpreted by an expert, "is not competent evidence of wrongful disparate treatment of each plaintiff"). Here, Plaintiff's claims are generic, without useful factual support such as the position of each of the persons whom she alleges was replaced. Indeed, although Plaintiff alleges that these individuals were "forced to leave"[6] it is not clear how this was accomplished – did those colleagues retire? Were they fired? What action did management take with respect to any of them? As the Supreme Court has repeatedly emphasized, a plaintiff must "plead[] factual content that allows the court to draw the reasonable

---

[5] To the extent Plaintiff attempts to assert a disparate impact claim, this is not clear from the Second Amended Complaint and, in any event, her allegations fall far short. As the Supreme Court has made clear, a plaintiff seeking to assert a disparate impact claim must isolate and identify the specific employment practices that are allegedly responsible for any statistical disparities. *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, 100 (2008). Here, it is not even clear that there is a statistical disparity and Plaintiff has failed to point to any generalized policy; rather, Plaintiff argues disparate treatment by specific individuals who she alleges (conclusorily) have an age-based bias. This is not sufficient to attempt to state a plausible disparate impact claim.

[6] Dkt. 51 at 8.

7

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, this Court once again finds that Plaintiff has failed to plead such factual allegations here.[7] *See* Dkt. 544 (dismissing for failure to state a claim). Accordingly, the Motion will be granted in this regard.

C.   Hostile Work Environment

Plaintiff also alleges a hostile work environment. It is unclear to the Court whether Plaintiff intends to assert just an age-based hostile work environment or age and retaliation as the basis for the alleged hostile work environment. In either case, Plaintiff's allegations fail to plausibly state a claim and will be dismissed.

Courts analyze ADEA hostile work environment and retaliatory hostile work environment claims under the familiar Title VII hostile work environment framework. *See, e.g.*, *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998); *Powell v. Nash Edgecombe Econ. Dev., Inc.*, 2021 WL 1736894, at *4 (E.D.N.C. May 3, 2021). Thus, to state a claim for a hostile work environment, a plaintiff must allege facts that plausibly demonstrate that: (i) she experienced conduct that was unwelcome; (ii) because of her age; (iii) was sufficiently severe or pervasive to alter the terms and conditions of her employment; and (iv) were imputable to her employer. *Cosby v. S.C. Probation, Parole, & Pardon Serv.*, 93 F.4th 707, 716 (4th Cir. 2024). Likewise, to state a retaliatory hostile work environment claim, a plaintiff must allege "that

---

[7] Plaintiff's own allegations also undermine any inference that an adverse action was taken against Plaintiff *because of* her age. Plaintiff alleges that various USDA managers were "completely unqualified" and lacked "any advanced education and experience in the field of mathematics and statistics." Dkt. 51 at 14. Thus, Plaintiff surmises that these managers acted to hire new employees to replace more "highly qualified employees." *Id.* at 15; *id.* at 11 (noting that managers forced out persons who "were highly qualified for their positions, with decades of experience"). Essentially, Plaintiff alleges that management either through incompetence or intent, were seeking to remove the most qualified persons (namely, people who might give away their own lack of qualifications) and not that they were acting based on an age-related bias. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) ("Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age-based.'").

the retaliatory conduct (1) was unwelcome, (2) was sufficiently severe or pervasive that it would dissuade a reasonable worker form making or supporting a charge of discrimination, and (3) can be attributed to an employer." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218 (4th Cir. 2022). Overall, a plaintiff must plausibly plead that "the workplace is permeated with discriminatory [or retaliatory] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks omitted).

Here, Plaintiff's allegations fail both because (i) she has failed to allege that any actions were because of her age and (ii) she has failed to allege facts that satisfy the "severe or pervasive" element. As discussed *supra*, there are no non-conclusory allegations in the Amended Complaint that allege that *any* action was taken because of Plaintiff's age. Moreover, Plaintiff has failed to allege facts demonstrating a "severe or pervasive" hostile environment. Plaintiff may not premise her hostile work environment claims on the disciplinary actions that she faced. *See, e.g.*, *Hemphill v. ARAMARK Corp.*, 2014 WL 1248296, at *14 (D. Md. Mar. 25), *aff'd,* 582 F. App'x. 151 (4th Cir. 2014) ("The incidents at issue here amount to nothing more than a series of ordinary personnel decisions."); *see also Brady v. Bd. of Educ.*, 222 F. Supp. 3d 459, 473 (D. Md. 2016), *aff'd*, 707 Fed. Appx. 780 (4th Cir. 2018) (holding that "ordinary personnel decisions," are "outside the scope of the type of severe and pervasive conduct that the Fourth Circuit has said would alter a person's conditions of employment"); *Graham v. Prince George's County,* 191 F. App'x 202, 204-05 (4th Cir. 2006) (rejecting hostile work environment claim based upon supervisor's "reprimands . . . regarding performance"). To the extent that Plaintiff premises her hostile work environment claim on other alleged "harassment," her allegations are vague and conclusory. As the Fourth Circuit has repeatedly instructed, plaintiffs must "clear a high bar" in order to satisfy this test, holding that complaints premised on "rude treatment" or "callous behavior" are not actionable. *E.E.O.C. v. Sunbelt Rentals. Inc.*, 521 F.3d 306, 316 (4th Cir.

9

2008). Accordingly, Plaintiff has failed to state either an age-based or retaliatory hostile work environment claim.

This Court previously informed Plaintiff what she would need to plead to assert a hostile work environment claim. Dkt. 44. Plaintiff has failed to correct the deficiencies identified. Accordingly, this claim will once again be dismissed.

D. Retaliation

To state a retaliation claim under the ADEA, Plaintiff must sufficiently allege "(1) that [she] engaged in protected activity, (2) that the employer took a materially adverse action against [her] and (3) there is a causal connection between the protected activity and the adverse action." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019) (internal citations omitted). To establish causation, Plaintiff must allege facts sufficient to reasonably infer that her protected activity was the "but-for" cause of her supervisors' alleged adverse actions. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under [Section] 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

Here, Plaintiff alleges that she "made her first complaint about age discrimination on 6/14/2022." Dkt. 51 at 13. But Plaintiff also alleges that, at that point, she had already received a Letter of Reprimand on January 7, 2022 and a Letter of Instruction on June 10, 2022. *Id.* at 12. As judges in this Circuit have previously recognized, the "existence of a prior and continuing pattern of performance issues and discipline predating the adverse action is highly relevant in determining whether there is a causal connection between the protected activity and the adverse action." *McDougald v. Quad/Graphics, Inc.*, 2017 WL 6333772, at *4 (E.D. Va. Dec. 11, 2017); *Groth v. Nakasone*, 2019 WL 3254602, at *12 (D. Md. July 18, 2019) (holding that where "the disciplinary action began before the plaintiff's protected activity" there is no causation where the defendant continued to pursue corrective action). Here, Plaintiff specifically alleges that she was subject to

10

discipline and adverse actions well before her "first complaint" in June 2022; indeed, Plaintiff asserts that the adverse actions of which she complains go back to 2021. *See* Dkt. 51 at 7 (alleging harassment and adverse actions in "2021-2022"). Thus, Plaintiff cannot establish that any complained of action was because of her protected activity, where the disciplinary actions of which she complains began before any protected activity took place. *See Francis v. Booz Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) (holding that where complained-of conduct predates protected activity and it continues, the inference of retaliatory conduct "does not arise"); *Feldman v. Law Enforcement Assocs. Corp.*, 752 F.3d 339, 349 (4th Cir. 2014) (recognizing that plaintiff "acknowledges that the acrimony began nearly two months before his first activity, and has offered no evidence that his conduct changed the bitter status quo in any way"). [8]

Further undermining any claim of ADEA retaliation is Plaintiff's affirmative allegations in her Second Amended Complaint of whistleblower reprisal. *See* Dkt. 51 at 7 (alleging reprisal premised, in part, on "whistleblower protected activity"); *id.* at 15 (alleging retaliation based on whistleblower activities). Such allegations undercut the causal connection between her ADEA-related protected activities and any adverse actions.[9] The Court further notes that Plaintiff has previously directly connected the adverse actions of which she complains to her whistleblowing activity, rather than any ADEA-related activity. *Cf. Tun-Cos v. Perrotte*, 922 F.3d 514, 528 (4th Cir. 2019) ("A party [] cannot

---

[8] The Court further notes that some of Plaintiff's asserted adverse actions do not qualify as such. *See, e.g., Melendez v. Bd. of Educ. for Montgomery Cnty.*, 711 F. App'x 685, 688 (4th Cir. 2017) ("Melendez's placement into a PIP likewise does not constitute an adverse action."); *Tankesley v. Vidal*, 2023 WL 4273763, at *26 (E.D. Va. June 29, 2023) (holding that notice of proposed suspension was not a material adverse action); *Campbell v. Wolf*, 2023 WL 4552760, at *6 (W.D.N.C. July 14, 2023) (holding that a notice of proposed medical removal was not an adverse action); *Bowe-Connor v. Shinseki*, 923 F. Supp. 2d 1, 8 (D.D.C. 2013) ("However, a notice of proposed suspension does not constitute an adverse action . . . .").

[9] Additionally, although not raised by Defendant and thus not relied upon for the ultimate decision reached here, there is some question regarding the preclusive effect of the MSPB regarding the propriety of the disciplinary actions of which Plaintiff now claims.

11

advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories" (quoting *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984))). Plaintiff previously specifically connected her "notice of proposed suspension" to retaliation "for filing an IRA appeal" with the MSPB in June 2022, and for "the disclosures" that plaintiff made in that IRA appeal. Dkt. 26 at 6. Thus, this also undermines Plaintiff's claim *now* that such actions were premised not on the MSPB appeal, but in retaliation for ADEA-protected activities.

For all these reasons, Plaintiff's retaliation claim fails and will be dismissed.

### IV. CONCLUSION

In sum, Plaintiff has failed to state any plausible claim for relief. Moreover, it appears that further amendment is futile. The Second Amended Complaint is Plaintiff's third attempt at setting forth a plausible claim and comes after the Court previously provided a thorough analysis of what was necessary to state a claim.

Accordingly, Defendant's Motion to Dismiss (Dkt. 55) is GRANTED; and it is

FURTHER ORDERED that this matter is DISMISSED WITH PREJUDICE on all counts

To appeal this Court's decisions, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

It is SO ORDERED.

Alexandria, VA
January 14, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge